# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ALEXANDER CISNEROS-VERA,**

        **Petitioner,**

    **v.**                            **Case No. 26-CV-1066**

**DALE J. SCHMIDT,** *et al.,*[1]

        **Respondent.**

---

## ORDER TO SHOW CAUSE

---

On June 13, 2026, Alexander Cisneros-Vera filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Cisneros-Vera is currently detained in this district at the Dodge County Detention Facility. (*Id.*, ¶¶ 1, 66.) He has been in the custody of the Department of Homeland Security ("DHS") since approximately June 1, 2026. (*Id.*, ¶ 67.)

---

[1] "Pursuant to federal habeas statute, the proper respondent to a habeas petition is the person who has custody over the Petitioner." *Levario-Garcia v. Prim*, No. 16-C-11364, 2017 WL 1181592, 2017 U.S. Dist. LEXIS 46849, *4 (N.D. Ill. Mar. 29, 2017) (citing 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004)). "The Seventh Circuit has made clear that in the immigration context, the warden where the alien is detained pending removal is the proper custodian for habeas purposes, and not other federal actors." *Id.* (citing *Kholyavskiy v. Achim*, 443 F.3d 946, 953–54 (7th Cir. 2006)). Cisneros-Vera is in custody at the Dodge County Jail. The official ultimately in charge of that facility is the Dodge County Sheriff, Dale J. Schmidt. The Clerk of Court shall terminate all other persons and federal entities identified as respondents, with the exception of the United States of America, who remains as a nominal party.

Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(2), the court may apply the Rules Governing Section 2254 cases to habeas petitions under 28 U.S.C. § 2241. Under Rule 4 of the Rules Governing Section 2254 Cases, the court must screen the petition to determine whether it may proceed. *See* Rule 4, Rules Governing § 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

## 1. Background

According to the petition, Cisneros-Vera has resided in the United States since 2012 and is married to a U.S. citizen with whom he shares two U.S. citizen children. (ECF No. 1, ¶¶ 68–69.) His wife has filed an immigration petition on his behalf, which remains pending. (*Id.*, ¶ 71.) He has never been convicted of a crime, although he has been cited for operating a motor vehicle without a license. (*Id.*, ¶ 72.) He was also recently cited for disorderly conduct, which led to no criminal charges but prompted his arrest and subsequent immigration detention. (*Id.*, ¶¶ 67, 72.)

Cisneros-Vera argues that the government has violated the Immigration and Nationality Act ("INA") and certain related regulations by applying the mandatory detention provision (8 U.S.C. § 1225(b)(2)) to noncitizens like him who have been residing in the United States for years prior to being apprehended and placed in removal proceedings. (ECF No. 1 at 18, 20.) He acknowledges that DHS authorized this practice

2

in a new policy issued on July 8, 2025, and that the Board of Immigration Appeals has upheld this position. (*Id.*, ¶¶ 3–4.) He also alleges that his continued detention without a bond hearing to determine whether he is a flight risk or danger to others violates his right to due process. (*Id.*, ¶¶ 100.)

Accordingly, Cisneros-Vera requests that he be released or, in the alternative, be provided with a bond hearing, pursuant to 8 U.S.C. § 1226(a). (ECF No. 1 at 22.)

## 2. Analysis

A habeas petition under 28 U.S.C. § 2241 can serve as a forum for statutory and constitutional challenges to detention orders in immigration proceedings. *See Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001); *see also Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000) (noting that § 2241 petitions are used to challenge the fact or duration of confinement).

This petition adds to a long line of cases across the country that have challenged DHS's mandatory detention policy on statutory and constitutional due process grounds. While results have varied, no binding precedent currently dictates the outcome. A three-judge panel of the Seventh Circuit recently split on the issue: (1) Judge Lee concluded that mandatory detention under § 1225(b)(2)(A) did not apply "to noncitizens unlawfully living in the country's interior," (2) Judge Pryor concluded the court did not need to reach the merits of the § 1225(b)(2)(A) argument and voted to resolve the case on other grounds, and (3) Judge Kirsch concluded in his dissent that the government's interpretation of

3

§ 1225(b)(2)(A) was correct. *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828, 856–57, 871–77 (7th Cir. 2026). "The portion of the merits opinion in *Castañon-Nava* addressing the meaning and applicability of Section 1225(b)(2)(A) is, therefore, not a precedential holding of the Seventh Circuit, and both Judge Lee's and Judge Kirsch's opinions are persuasive authority on this issue." *Gonzalez-Lopez v. Swearingen, et al.*, No. 2:26-CV-00200-JRO-MG, 2026 WL 1270065, at *5, 2026 U.S. Dist. LEXIS 102232, at *13 (S.D. Ind. May 8, 2026)). Having reviewed Cisneros-Vera's filings and the legal landscape, the court cannot say that the petition is subject to summary dismissal.

Because it does not appear from the face of the petition that Cisneros-Vera is not entitled to relief under § 2241, the court will order the respondent to show cause why the writ should not be issued. *See* 28 U.S.C. § 2243 (requiring a court to "issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto").

Section 2243 requires the respondent to show cause within three days. However, the Rules Governing Section 2254 Cases, which have "the force of a superseding statute," afford the court wide discretion in setting a schedule for the resolution of the petition. *Bleitner v. Welborn*, 15 F.3d 652, 653–54 (7th Cir. 1994); *Hudson v. Helman*, 948 F. Supp. 810, 811 (C.D. Ill. 1994). The court concludes that seven days is appropriate.

### 3. Conclusion

**IT IS THEREFORE ORDERED** that all individuals and entities named as respondents by the petitioner, aside from Sheriff Dale J. Schmidt and the United States of America, are dismissed.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve the respondents with a copy of the petition and this order.

**IT IS FURTHER ORDERED** that within **seven days** of the date of this order the respondents shall answer the petition and show cause why the writ should not be issued. The petitioner shall reply no later than **three days** thereafter.

Dated at Milwaukee, Wisconsin this 17th day of June, 2026.

WILLIAM E. DUFFIN
U.S. Magistrate Judge