# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ALEXANDER CISNEROS-VERA,**

**Petitioner,**

**v.**                                                    **Case No. 26-CV-1066**

**DALE J. SCHMIDT,** *et al.*

**Respondent.**

---

# DECISION AND ORDER

---

Alexander Cisneros-Vera is a citizen of Mexico who is currently detained in this district at the Dodge County Detention Facility. (ECF No. 1, ¶¶ 1, 66.) Cisneros-Vera filed a petition for writ of habeas corpus arguing that his detention without eligibility for bond is unlawful. (ECF No. 1.) The court screened the petition and ordered the respondent to show cause why the writ should not be issued. (ECF No. 4.) Briefing is now complete, and all parties have consented to the full jurisdiction of this court pursuant to 28 U.S.C. § 636(c). (ECF Nos. 3, 6, 12.)

## 1. Background

Cisneros-Vera has resided in the United States since 2012 and is married to a U.S. citizen with whom he shares two U.S. citizen children. (ECF No. 1, ¶¶ 68–69.) His wife

has filed an immigration petition on his behalf, which remains pending. (*Id.*, ¶ 71.) He has never been convicted of a crime, although he has been cited for operating a motor vehicle without a license. (*Id.*, ¶ 72.) He was also recently cited for disorderly conduct, which led to no criminal charges but prompted his arrest and subsequent immigration detention. (*Id.*, ¶¶ 67, 72.) He has been in the custody of the Department of Homeland Security ("DHS") since approximately June 1, 2026. (*Id.*, ¶ 67.)

## 2. Analysis

Cisneros-Vera challenges his placement in mandatory detention based on the government's new interpretation of 8 U.S.C. § 1225(b)(2)(A). As of July 8, 2025, the government classifies any noncitizen who entered the United States without inspection, regardless of the length of time present in this country, as an "applicant for admission" under § 1225(b)(a)(1) and deems the phrase "applicant for admission" equivalent to "alien seeking admission" under § 1225(b)(2)(A), therefore rendering such an individual subject to § 1225(b)(2)(A)'s requirement of mandatory detention. *See Garcia Guerrero v. Schmidt*, No. 25-CV-1975-BBC, 2026 WL 45263, at *1–2 (E.D. Wis. Jan. 7, 2026) (acknowledging historical practice and new policy). The government previously afforded bond hearings under § 1226 to noncitizens if they had resided in the United States for years prior to being apprehended and placed in removal proceedings. *See id.* The about-face is purely a new interpretation of an unchanged statute.

The Board of Immigration Appeals issued a precedential decision adopting the government's interpretation and holding that an immigration judge has no authority to consider bond requests for any person who entered the United States without admission. *See Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). The immigration judge in Cisneros-Vera's case cited this decision when he denied Cisneros-Vera's request for a custody determination on June 12, 2026. (*See* ECF No. 1-5.)

This petition adds to a long line of cases across the country that have challenged DHS's mandatory detention policy on statutory and constitutional due process grounds. While results have varied, no binding precedent currently dictates the outcome. A three-judge panel of the Seventh Circuit recently split on the issue: (1) Judge Lee concluded that mandatory detention under § 1225(b)(2)(A) did not apply "to noncitizens unlawfully living in the country's interior," (2) Judge Pryor concluded the court did not need to reach the merits of the § 1225(b)(2)(A) argument and voted to resolve the case on other grounds, and (3) Judge Kirsch concluded in his dissent that the government's interpretation of § 1225(b)(2)(A) was correct. *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828, 856–57, 871–77 (7th Cir. 2026). "The portion of the merits opinion in *Castañon-Nava* addressing the meaning and applicability of Section 1225(b)(2)(A) is, therefore, not a precedential holding of the Seventh Circuit, and both Judge Lee's and Judge Kirsch's opinions are persuasive authority on this issue." *Gonzalez-Lopez v. Swearingen, et al.*,

No. 2:26-CV-00200-JRO-MG, 2026 WL 1270065, at *5, 2026 U.S. Dist. LEXIS 102232, at *13 (S.D. Ind. May 8, 2026)).

Courts across the country and within this district have also split on this issue. *See, e.g., Valenciano Vela v. Schmidt*, No. 25-CV-2004, 2026 WL 161334-BBC, at *2 (E.D. Wis. Jan. 21, 2026) (granting petition); *Alonso v. Olson*, No. 25-CV-1660-LA, 2025 WL 3240928, at *3 (E.D. Wis. Nov. 20, 2025) (same); *but see Ugarte-Arenas v. Olson*, No. 25-CV-1721-WCG, 2025 WL 3514451, at *5 (E.D. Wis. Dec. 8, 2025) (denying petition); *Hernandez v. Olson*, No. 25-CV-1670-BHL, 2026 WL 161509, at *5 (E.D. Wis. Jan. 21, 2026) (denying petition but acknowledging "that a strong majority of other courts have rejected the government's reading of these statutes").

Upon careful review of the evolving legal landscape, this court finds most persuasive those decisions granting habeas petitions for similarly situated noncitizens. This conclusion is primarily driven by the distinct terminology Congress employed in § 1225(b)(2)(A). The government argues that Cisneros-Vera must be an "applicant for admission" as defined in § 1225(a)(1) because he is a foreign national who has not been "admitted" into the United States. (ECF No. 7 at 4.) Be that as it may, the plain language of § 1225(b)(2)(A) does not explain the use of "applicant for admission" elsewhere in the chapter with the use of "alien seeking admission" employed in the context of mandatory detention. *See Ramirez Valverde v. Olson*, No. 25-CV-1502, 2025 WL 3022700, at *3 (E.D.

4

Wis. Oct. 29, 2025) (observing that "[o]nly an 'alien seeking admission' who is not clearly and beyond a doubt entitled to be admitted must be detained") (quotations omitted).)

As other courts have observed, "[t]he use of 'seeking' denotes an active and present effort … [and] cannot be said to encompass a person who, despite having never been 'admitted,' has been living in the United States for years." *Ramirez Valverde v. Olson*, No. 25-CV-1502-BBC, 2025 WL 3022700, at *3 (E.D. Wis. Oct. 29, 2025); *see also Garcia Guerrero v. Schmidt*, No. 25-CV-1975-BBC, 2026 WL 45263, at *1–2 (E.D. Wis. Jan. 7, 2026) (observing that people who have been in the United States for some time "may be regarded as more likely to have the personal and community ties that make [them] suitable for release on bond").

Moreover, the government's "interpretation of § 1225(b)(2) would make the recently enacted amendment to § 1226(c) superfluous." *Diaz v. Olson*, No. 2:25-CV-00631-JRS-MKK, 2025 WL 3765960, at *5 (S.D. Ind. Dec. 30, 2025). The amendment added new classes of noncitizens who are ineligible for bond under § 1226(a), with one such class of people being noncitizens who have not been admitted into the United States and have been charged with specific crimes. *See* Laken Riley Act, Pub. L. No. 119-1, sec. 236, § 2, 139 Stat. 3, 3 (2025). This amendment would serve no purpose if, as the government contends, all noncitizens who have not been admitted must be detained under § 1225(b)(2). Therefore, the court cannot accept the government's expansive interpretation of § 1225(b)(2). *See Bilski v. Kappos*, 561 U.S. 593, 607–08 (2010) (following

5

the canon of statutory interpretation "against interpreting any statutory provision in a manner that would render another provision superfluous").

Cisneros-Vera is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Given this result, the court will not reach Cisneros-Vera's alternative arguments against mandatory detention.

### 3. Conclusion

**IT IS THEREFORE ORDERED** that Alexander Cisneros-Vera's petition for writ of habeas corpus is **granted**. Within **seven days** of this order, the respondent must either: (1) provide Cisneros-Vera with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226; or (2) release Cisneros-Vera from custody under reasonable conditions of supervision. The Clerk of Court shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 26th day of June, 2026.

WILLIAM E. DUFFIN
U.S. Magistrate Judge

6